UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT M. LEMIEUX,<br>     Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br>     Defendant. | Civil Action No.<br>23-11054-NMG |

ORDER

GORTON, J.

In this action, pro se litigant Robert Lemieux claims that the Internal Revenue Service ("IRS") owes him a tax refund. In an order dated May 31, 2023 (Docket #4), the Court explained that it could not exercise jurisdiction over his claim unless he had already "duly filed" a claim for refund or credit with the IRS "according to the provisions of law in that regard, and the regulations of the Secretary [of the Treasury] established in pursuance thereof." Id. at 3 (quoting 26 U.S.C. § 7422(a)). The Court ordered Lemieux to file an amended complaint "in which he shows that he filed a timely claim with the IRS for the refund he seeks in this lawsuit." Id. at 4-5. The Court ordered Lemieux to "indicate when he filed said claim, and, if the IRS has responded to the claim, the date and content of the response." Id. at 5. The Court warned Lemieux that "[f]ailure

to comply with this order will result in the dismissal of this action for lack of jurisdiction." Id.

In response to that order, Lemieux filed an amended complaint (Docket #5), the body of which is essentially identical to the original complaint. Lemieux attached to the amended complaint over 250 pages of various documents, including federal and state tax returns. He also submitted a digital recording of a telephone call he had with an IRS employee.

Lemieux did not, however, submit anything to indicate that he had filed a claim for a refund or credit with the IRS. Perhaps Lemieux misconstrued the Court's instruction with regard to this particular requirement. Lemieux's filing of tax returns allegedly showing that he is entitled to a refund does not fulfill the "claim" requirement of 26 U.S.C. § 7422(a) that would give this Court jurisdiction to adjudicate this case. Rather, Lemieux must show that he filed a claim with the IRS after the IRS denied him the refund or credit he sought in his tax returns.

Accordingly, within twenty-one (21) days, Lemieux must file a notice indicating whether he submitted a claim, in written form, to the IRS challenging the agency's denial of a credit or refund to which he believes he is entitled. If he did submit such a claim, Lemieux shall also identify the date he submitted the claim and any response by the IRS.

2

As the Court explained in its May 31, 2023 order, if Lemieux has not submitted such a claim to the IRS, the Court cannot exercise jurisdiction over this case. Thus, if Lemieux does not meet the deadline to show that he filed a claim with the IRS to challenge its denial of a refund or credit, the Court will dismiss this action for lack of jurisdiction.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: 06/07/2023