UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT M. LEMIEUX,
          Plaintiff,

          v.

INTERNAL REVENUE SERVICE,
          Defendant.

)
)
)
)
)
)
)
)
)
)

Civil Action No.
23-11054-NMG

**ORDER**

GORTON, J.

In this action, pro se litigant Robert Lemieux claims that the Internal Revenue Service ("IRS") owes him a tax refund or credit.  For the reasons stated below, the Court will order that this action be dismissed without prejudice for lack of jurisdiction.

I.   Review of the Original Complaint

On May 31, 2023, the Court entered an order allowing Lemieux's motion for leave to proceed in forma pauperis and ordered Lemieux to file an amended complaint (Docket #4).  The Court found that, in light of the sovereign immunity of the United States, it could not exercise jurisdiction over the action unless Lemieux had already "duly filed" a claim with the IRS challenging the agency's denial of the credit or refund he sought.  See 26 U.S.C. § 7422(a).  The Court stated that failure

to comply with the order would result in dismissal of this action for lack of jurisdiction.

## II.  Review of the Amended Complaint

Lemieux responded to the Court's order on June 5, 2023 by filing copies of tax returns and other documents with an amended complaint that is essentially identical to his original complaint (Docket #5).  On June 7, 2023, the Court entered another order (Docket #7) stating that a tax return itself does not constitute a "duly filed" ≠ claim for refund or credit with the IRS for purposes of determining whether the Court has jurisdiction over this action:

> Lemieux's filing of tax returns allegedly showing that
> he is entitled to a refund does not fulfill the
> "claim" requirement of 26 U.S.C. § 7422(a) that would
> give this Court jurisdiction to adjudicate this case.
> Rather, Lemieux must show that he filed a claim with
> the IRS after the IRS denied him the refund or credit
> he sought in his tax returns.

Id. at 2.  The Court ordered Lemieux to file, within twenty-one days, "a notice indicating whether he submitted a claim, in written form, to the IRS challenging the agency's denial of a credit or refund to which he believes he is entitled."  Id.  The Court reiterated that, if Lemieux had not submitted such a claim with the IRS, the Court would not be able to exercise jurisdiction over this action.

Lemieux has not yet filed any document in response to that order, and the deadline for doing so has expired.  In the

absence of any indication that Lemieux has "duly filed" a
"claim" for a refund or credit with the IRS, as those terms are
used in 26 U.S.C. § 7422(a), the Court cannot exercise
jurisdiction over Lemieux's claim.

### III. Communications with Court Employees

In its May 31, 2023 order (Docket #4), the Court stated:

It has come to the Court's attention that Lemieux has
left voicemails with court employees in which he used
offensive and disrespectful language and threatened
that, if the Court does not quickly set a "court date"
for him, he will come to the courthouse and cause
"mayhem" and other unspecified harm.

Id. at 4.  The Court stated that such conduct would not be
tolerated, and warned Lemieux that "unless he ceases all such
communications, he will be subject to sanctions, including, but
not limited to, monetary sanctions and restrictions on
communication with court staff."  Id.  The Court ordered Lemieux
to "cease all offensive, disrespectful or threatening
communications with court employees."  Id. at 5.

Lemieux has not complied with this order.  On June 14 and
Jun 15, 2023, Lemieux sent emails to the Court's deputy clerk in
which he berated the deputy clerk for not issuing a summons and
otherwise made accusatory and disrespectful communications.
The Court gives Lemieux a final warning that, notwithstanding
the dismissal of this action, the next time he engages in
disrespectful, threatening, or otherwise inappropriate

communications with court employees, the Court will sanction
him.

## IV.  Service by Email

Lemieux has not provided a current mailing address at which
he may be served, but he has agreed to be served by email.
(Docket #6).  The dismissal of this case largely moots the need
to further address the protocols for electronic service, but
there are two matters worth addressing.

First, except for this order and a final order of
dismissal, Lemieux will no longer receive notice of docket
activity in this action directly from a deputy clerk.  He will
continue to receive notice of docket activity in this case
through the Notice of Electronic Filing ("NEF") sent to
Lemieux's email address by the Court's Case
Management/Electronic Case Files ("CM/ECF") system.[1]  The NEF
will include the relevant docket text.  If a document was
included as part of the docket entry, the NEF will contain a
hyperlink to the document, which will allow Lemieux to view and
download the document once in the fourteen days following the
date of the NEF.[2]

---

[1] It is the Court's understanding that Lemieux has been receiving
notice of docket activity in this manner since he consented to
service by email.

[2] Documents on the public docket may also be accessed through the
federal courts' Public Access to Court Electronic Records.

Second, if Lemieux is unable or no longer wishes to receive notice of docket activity by email in this action, he shall so inform the Court and provide an address at which he may be served by regular mail.

## IV.  Conclusion

In accordance with the foregoing, this action is DISMISSED without prejudice for lack of jurisdiction.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: 07/12/2023

---

("PACER").  See https://pacer.uscourts.gov.  A PACER account holder may review a public docket at any time and print/download any documents that are part of the public docket.  There is a fee associated with PACER use, which fee is collected on a quarterly basis.  Under current PACER policies, if a PACER user accrues $30 or less of charges in a quarter, the fees are waived for that period.